___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02795-FWS-JDE                                     Date: January 7, 2025
Title: W.W. Rowland Trucking, Inc. v. James Worldwide, Inc. *et al.*

___

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE RE LACK OF SUBJECT MATTER JURISDICTION**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). Therefore, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). As relevant here, diversity jurisdiction requires both complete diversity between the parties and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *see also In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02795-FWS-JDE                                Date: January 7, 2025
Title: W.W. Rowland Trucking, Inc. v. James Worldwide, Inc. *et al.*

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). The allegations needed to establish the citizenship of a party vary depending on whether the party is a natural person, corporation, or other entity. If the party is a natural person, the complaint must allege the person's state of domicile, which is their permanent home, where they reside with the intent to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). If a party is a corporation, the complaint must allege both the corporation's state of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a partnership, limited liability company, or other unincorporated association, the complaint must allege the citizenship of each of the partners, including limited partners, or members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

In this case, Plaintiff W.W. Rowland Trucking, Inc. ("Plaintiff") filed a Complaint against Defendant James Worldwide, Inc. ("Defendant") on December 27, 2024, asserting that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Dkt. 1 ¶¶ 1-2, 4.) Plaintiff's "pleading must contain 'a short and plain statement of the grounds for the court's jurisdiction.'" *Harris*, 682 F.3d at 850 (quoting Fed. R. Civ. P. 8(a)). The Complaint alleges that Plaintiff is a Texas corporation and Defendant is a California corporation with its principal place of business in Fullerton, California. (*See* Dkt. 1 ¶¶ 1-2.) However, the Complaint does not allege Plaintiff's principal place of business. (*See generally id.*) Because "a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties," *Harris*, 682 F.3d at 850 (citations omitted), the court concludes the Complaint has not sufficiently alleged complete diversity between the parties as required for subject matter jurisdiction under 28 U.S.C. § 1332.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing by **January 14, 2025,** why this case should not be dismissed for lack of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02795-FWS-JDE | Date: January 7, 2025 |
| Title: W.W. Rowland Trucking, Inc. v. James Worldwide, Inc. *et al.* | |

upon the party asserting jurisdiction.") (citations omitted).  Plaintiff can discharge the Order to Show Cause by providing information regarding the location of Plaintiff's principal place of business.

Failure to demonstrate a basis for the court's subject matter jurisdiction or comply with court orders **will** result in dismissal.  *See Arbaugh*, 546 U.S. at 514 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Scholastic Ent.*, 336 F.3d at 985 ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 699 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**